Joseph Liff, J.
Motion by plaintiff seeking leave to reargue his prior motion for a protective order vacating the subpoena and notice to take the deposition of Alexander Grant & Co., a nonparty witness is granted and upon reargument the court vacates the order dated November ¡20, 1974 (79 Mise 2d 866) and grants the order of protection denying the examination before trial of Alexander Grant & Co.
*536 We recognize that there should be full disclosure of all evidence material and necessary to the prosecution or defense of an action (CPLR 3101, subd. [a]; Zayas v. Morales, 45 A D 2d 610) and the “ mere showing Iby the lawyer that he needs such witness’s pre-trial deposition in order to prepare fully for the trial should suffice as a 1 special circumstance ’ ” entitling him to an examination before trial (Villano v. Conde Nast Pub., 46 A D 2d 118, 120). However, material prepared for litigation is not “ obtainable unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice -or undue hardship ” (OPLR 3101, suibd. [d]).
Alexander Grant & Co., a certified public accounting firm, reviewed the partnership books of account prior to the commencement of this action and reported the discrepancies specified in paragraph 18 of the complaint, ’therefore, this information was prepared for the purpose of instituting this action and would fall within the protection afforded by OPLR 3101 (subd. d). In order to obtain the information requested the defendants would have to demonstrate that the material can no longer be duplicated and that withholding it would result in undue hardship. This they have failed to do. In .fact, it is undenied that the partnership books and records presently exist and are in their possession. The Appellate Division, First Department, in a similar situation to that at bar also denied an examination before trial of an independent auditor engaged by a party since the report prepared was in contemplation of litigation and no hardship was demonstrated which would justify the granting ofl the examination (Kent v. Maryland Cas. Co., 25 AD 2d 663).
■Moreover, plaintiff has been examined before trial (affirmation of John J. Palmeri, Esq., made Dec. 2,1974) and no assertion has been made that his examination failed to reveal the basis for his complaint.